IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>     Plaintiff,<br><br>vs.<br><br>MELISSA, General Assistance,<br><br>     Defendant. | 4:21CV3050<br><br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff filed her pro se Complaint (Filing 1) on March 2, 2021, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

  Plaintiff alleges she "talked with 'Melissa' from the General Assistance on or about February 3, 2021," and was informed that "because of allegations from undisclosed persons, [Plaintiff] was not eligible to be a vendor and receive payment for clients eligible for General Assistance Services." (Filing 1, p. 1.) Plaintiff claims she was denied due process because she was not given notice or a hearing. In addition, Plaintiff claims discrimination because she "is an African-American female, and [Melissa] is a Caucasian female." She requests injunctive relief for "renewal" of her vendor status and monetary damages. (Filing 1, p. 2.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

  The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). A "liberal construction" means that if the essence of an allegation is "discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 and also under § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. For the reasons discussed below, the court finds on initial review that no actionable claim for relief is stated under either of these statutes.

#### A. Procedural Due Process Claim – Section 1983

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also

must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The "General Assistance" Plaintiff references presumably is the Douglas County Department of General Assistance. According to the Department's website,[1] its Director is Melissa Sewick. The Department itself is not a suable entity under Nebraska law. *See Jones v. Nebraska Dep't of Correction Servs.*, No. 8:20CV365, 2021 WL 490388, at *6 (D. Neb. Feb. 10, 2021) ("Each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23-101, but the same is not true of county offices or departments."); *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). However, Ms. Sewick ("Melissa") has been named as Defendant in her official capacity, which effectively makes this an action brought against Douglas County. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer.") (internal citations omitted). Local government units, such as counties, are considered "persons" for purposes of § 1983. *See Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978)).

Plaintiff's due process claim arises under the Fourteenth Amendment to the United States Constitution. "The Due Process Clause of the Fourteenth Amendment entitles a person to procedural due process when a protected property interest is at stake." *Schueller v. Goddard*, 631 F.3d 460, 462 (8th Cir. 2011). "A protected property interest is a matter of state law involving 'a legitimate claim to entitlement as opposed to a mere subjective expectancy.'" *Snaza v. City of Saint Paul,* 548 F.3d 1178, 1182-83 (8th Cir.2008) (quoting *Bituminous Materials, Inc. v. Rice Cnty.,* 126 F.3d 1068, 1070 (8th Cir.1997)) "Property interests are not created by the

---

[1] *See* https://generalassist.douglascounty-ne.gov/staff-director.

Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985) (quoting *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972)). But "*federal constitutional law* determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 757 (2005) (quotations and citations omitted). An "entitlement" is defined as "[a]n *absolute right* to a ... benefit ... granted immediately upon meeting a legal requirement." *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 968 (8th Cir. 2015) (quoting Black's Law Dictionary 612 (9th ed. 2009)).

Plaintiff's Complaint indicates she previously qualified as a vendor for the Douglas County Department of Public Assistance, and received rent payments from the County, but she does not allege any facts to show she has a "legitimate claim of entitlement" to receiving any future payments. Under Nebraska's general assistance statutes, Neb. Rev. Stat. § 68-104 *et seq.*, the counties have an obligation to provide assistance to indigent persons, and must provide notice and a hearing to persons whose applications for assistance are denied, or whose continuing assistance is terminated or reduced, *see* Neb. Rev. Stat. §§ 68-138 to 68-141, but the court is not aware of any source of law, at either the state or the county level, that gives Plaintiff a protected property interest in serving as a vendor for the Department. For this procedural due process claim to proceed to service of process, Plaintiff will need to allege facts showing that renewal of her vendor status was not merely a "subjective expectancy" on her part.

### B. Discrimination Claim – Title VI

Plaintiff's discrimination claim arises under § 601 of Title VI, which provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.[2] "Although Title VI does not mention a private right of action,

---

[2] Plaintiff alleges General Assistance is "a federally subsidized program." (Filing 1, p. 2.)

[the Supreme Court's] decisions have found an implied right of action." *Goodwin v. Creighton Univ.*, No. 8:10CV423, 2011 WL 2680481, at *4 (D. Neb. July 8, 2011), *aff'd*, 444 F. App'x 926 (8th Cir. 2011) (quoting *Barnes v. Gorman,* 536 U.S. 181, 185 (2002); *see also Alexander v. Sandoval*, 532 U.S. 275, 279 (2001) (private individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages).

To establish a prima facie case under Title VI, a plaintiff must demonstrate that her race, color, or national origin was the motive for the discriminatory conduct. *Id.* (citing *Thompson v. Bd. of Special Sch. Dist. No. 1,* 144 F.3d 574, 578-79 (8th Cir.1998)). Where there is no direct evidence of discrimination, a plaintiff asserting a Title VI claim may rely upon the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Rowles v. Curators of Univ. of Missouri*, 983 F.3d 345, 355 (8th Cir. 2020).

Under *McDonnell Douglas*, a plaintiff may establish a prima facie case of racial discrimination through evidence giving rise to an inference that she has been intentionally discriminated against because of her race. *Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019). She may do so by showing that a similarly-situated person of another race received more favorable treatment. *Id.* That person must be "similarly situated in all relevant respects." *Id.* (quoting *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). A person is similarly situated to the plaintiff if he or she possesses all the relevant characteristics the plaintiff possesses except for the characteristic about which the plaintiff alleges discrimination. *Id.* If a plaintiff succeeds in establishing her prima facie case, the defendant must then show a "legitimate, non-discriminatory reason" for the challenged conduct. *Id.* (quoting *Young*, 754 F.3d at 577-78. Should the defendant articulate such a reason, the burden shifts back to the plaintiff to show that the offered reason is pretextual. *Id.* at 1088.

For motions to dismiss in discrimination contexts, "the [Federal Rule of Civil Procedure] 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint," but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Twombly*, 550 U.S. at 555). The elements of a prima facie

5

case "are part of the background against which a plausibility determination should be made," and "may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)).

Here, Plaintiff merely alleges that she is African-American, while Ms. Sewick is Caucasian. It cannot reasonably be inferred from these two facts alone that Plaintiff was a victim of racial discrimination. For this Title VI claim to proceed to service of process, Plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is therefore subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, on the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 7, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 7th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge